UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARQUETTA M.,<br><br>                  Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. 3:21-CV-5664-DWC<br><br>ORDER |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI")). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5. After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") harmfully erred in evaluating the medical opinion evidence, Plaintiff's subjective testimony, and lay witness evidence. The Court remands this case for an immediate award of benefits.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On April 5, 2018, Plaintiff filed applications for DIB and SSI, alleging disability as of May 1, 2013; this alleged onset date was later amended to December 31, 2015. *See* Dkt. 12, Administrative Record ("AR") 17, 1444. The application was denied upon initial administrative review and on reconsideration. *See* AR 92–93, 122–23. A hearing was held before ALJ Allen G. Erickson on January 29, 2019. *See* AR 33–91. In a decision dated February 27, 2019, ALJ Erickson determined Plaintiff to be not disabled. *See* AR 14–32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481. Plaintiff filed a complaint in this Court seeking review of the ALJ's decision, leading to a reversal and remand for additional proceedings. AR 1524–37.

Subsequently, the Appeals Council remanded the case to ALJ Erickson, who held a new hearing and issued a new decision in which he again determined Plaintiff to be not disabled. AR 1440–94. Plaintiff appeals anew from this decision. Dkt. 8.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ harmfully erred in: (1) evaluating the medical opinion evidence; (2) evaluating Plaintiff's own testimony; and (3) evaluating lay witness evidence. Dkt. 17, p. 2. Plaintiff asks that this matter be remanded for an immediate award of benefits. *Id.* The Commissioner concedes that the ALJ erred in evaluating the medical opinion evidence, but does not concede error with respect to the other issues, and maintains that further proceedings are the proper remedy. Dkt. 21, p. 3. Given that there is no disagreement that the ALJ committed harmful error, the Court must determine whether to remand this matter for an award of benefits or for further administrative proceedings. In turn,

because resolving this question depends, in part, on resolution of plaintiff's other claims of error, the Court addresses these claims first.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

1. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Dkt. 17, p. 14. While the Commissioner's brief does not actually articulate any position on this issue, the Commissioner relies on the ALJ's analysis of Plaintiff's subjective testimony to argue that Plaintiff has failed to establish disability. Dkt. 21, pp. 4–5.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

Here, the ALJ rejected Plaintiff's testimony regarding her symptoms on the basis of (1) improvement with conservative treatment; (2) Plaintiff's failure to comply with treatment recommendations; and (3) normal mental status examinations.

With respect to the ALJ's first reason, an ALJ may properly discount a claimant's testimony when the record shows the claimant "responded favorably to conservative treatment[.]" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008). Here, the ALJ found that "despite ongoing reported pain symptoms with limited medication compliance due to reported side effects, [Plaintiff's] symptoms otherwise have been managed conservatively with physical therapy." AR 1455. The ALJ's discussion of Plaintiff's treatment with physical therapy does not refer to any evidence of improvement, as opposed to participation, in physical therapy. *See* AR 1451. Indeed, as the ALJ notes, Plaintiff was referred to, and requested referrals to, physical therapy, but Plaintiff also reported to her primary care provider "that she felt physical therapy was not working[.]" AR 1451 (citing AR 400, 1293, 1770). Only in "one of her last documented visits" to physical therapy did Plaintiff feel "her shoulder motion was a little better but still 'catches' when she reached too far[.]" AR 1452 (citing AR 2220). This mention of improvement, however, concerns only Plaintiff's shoulder impingement; nothing in the record indicated similar improvement in Plaintiff's other physical symptoms, including intense nausea and numbness in the hands and feet. AR 1479–80, 1490. Finally, the ALJ did not identify what further treatment one might expect for this impairment.

With respect to the ALJ's second reason, this Court considered, and rejected, the ALJ's finding that Plaintiff failed to adequately comply with treatment recommendations in the prior remand. Therein, Judge Tsuchida wrote:

ORDER - 4

> The ALJ accurately noted that plaintiff reluctantly attended therapy, showed sporadic attendance, and had a history of not taking medication for diabetes, depression, and anxiety. [AR] 23. These points are not, however, disputed. The Ninth Circuit has noted that "we do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions." *Garrison v. Colvin*, 759 F.3d 995, 1018 n. 24 (9th Cir. 2014). As discussed earlier, Drs. Wingate, Wilkinson, and Parker acknowledged plaintiff's history of non-compliance with treatment and medication yet concluded without qualifiers that plaintiff did not have the capacity to perform full-time in a normal work environment due to mental-health limitations. The ALJ cited no record evidence demonstrating that plaintiff's mental functioning improved to an extent that would enable performing full-time work when she was maximally compliant with treatment. Although the ALJ concluded that the record did not support plaintiff's testimony that she was unable to "stomach" her medications because they cause her to throw up, [AR] 24, chronic nausea and vomiting have been the cause for plaintiff's hospitalization and treatment with anti-nausea medication since at least 2008. *See, e.g.*, [AR] 354, 364, 383, 395, 414, 447, 452, 456, 463, 468, 669, 705, 767, 798, 802, 867, 937, 967, 971, 989, 1101, 1124, 1145, 1159, 1211, 1220. True, plaintiff has stated her reluctance to take antidepressants because "she did not want to wait a month for them to begin working." *See, e.g.*, [AR] 621 [footnote omitted]. Nonetheless, the record demonstrates that the one medication she did not skip and demanded regularly, and sometimes impatiently, was anti-nausea medication. Consistent with her hearing testimony that she "can't stomach" psychiatric medications because of "throwing up," [AR] 60, plaintiff informed Dr. Parker that "[s]he has trouble keeping medicines down because she throws up very often," [AR] 669. There is no conflict between plaintiff's difficulty in stomaching her medications and her stated desire not to take them.

AR 1534–35.

The Commissioner has not shown any change in the evidence from the time of this prior decision nor pointed to any change in the law that would render the ALJ's reasoning better supported. Indeed, Plaintiff continued to complain of constant nausea so severe as to, at times, prevent her from ingesting anti-nausea medication or food, leading to significant weight loss. AR 1480–81. The ALJ's continued reliance on Plaintiff's non-compliance with medication regimens was not a clear and convincing reason for discounting Plaintiff's symptom testimony.

ORDER - 5

With respect to the ALJ's third reason, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). However, an ALJ may not offer a selective summary of the medical evidence to find an inconsistency where none exists. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Here, the ALJ pointed to mental status exams that would "often document observations like neat appearance, good grooming, no psychomotor agitation, normal eye contact, normal speech, logical stream of thought, linear and organized thought content/process, appropriate thought content, cooperative and alert behavior, average intellectual functioning, no suicidal ideation, intact/good insight/judgment, good memory, good attention span, and good concentration." AR 1453 (citing AR 670, 686–88, 704, 706, 708, 710–11, 717, 719, 721, 729–30, 737, 1063–72, 1301, 1940, 1945, 1949, 1951, 1954, 1957, 1963). The citations to the record upon which the ALJ relied, however, also documented poor concentration and confusion, depressed or anxious mood and depressed or flat affect, tearfulness, restless behavior, and difficulty with memory, concentration, abstract thought, and insight. *See, e.g.* AR 670, 686–99, 706, 710, 717, 719, 721, 729–30, 737, 1301, 1963. To the extent the ALJ's finding was based on a selective summary of the medical evidence that supported one conclusion while omitting evidence that did not support such a conclusion, the ALJ erred. *See Ghanim*, 763 F.3d at 1164 (9th Cir. 2014) (ALJ may not "cherry-pick[ ]" items from treatment record without considering them in context of "diagnoses and observations of impairment").

## 2. Whether the ALJ Properly Evaluated Lay Witness Statements

Next, Plaintiff assigns error to the ALJ's evaluation of testimony from two lay witnesses. Evidence from lay witnesses may be discounted when the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

The ALJ did not address a statement from Plaintiff's SSI facilitator in the decision. If the ALJ has provided proper reasons to discount the lay testimony in another aspect of the written decision, such as within the discussion of the claimant's testimony, the lay testimony may be considered discounted properly even if the ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony itself. *See Molina*, 674 F.3d at 1121 (quoting *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001)). Here, the ALJ's reasoning in discounting Plaintiff's testimony was not supported by substantial evidence; thus, the ALJ's error in failing to address lay witness testimony cannot be considered harmless.

The Commissioner asserts that "the evaluation of lay witness evidence has changed under the new regulations where it is not required for an ALJ to articulate how they considered evidence from a nonmedical source. 20 C.F.R. § 404.1520c(d), 416.920c(d)." Dkt. 21, p. 6. This is a misstatement of the regulation. Section 416.920c(d) does *not* provide that an ALJ is not required to evaluate lay-witness statements at all; it merely provides that an ALJ is not required to evaluate non-medical evidence, such as lay-witness statements, using the factors set forth in 20 C.F.R. § 416.920c(a)-(c).

In addition, the ALJ found a function report from Plaintiff's cousin, Antoinette Williams, unpersuasive "to the extent that they may suggest abilities more restricted than found in this decision," including a lack of medical evidence supporting the claim that Plaintiff sometimes required assistance at home. AR 1450. However, the ALJ did not indicate what sort of medical

evidence could be expected to document instances of Plaintiff requesting and receiving help from her cousin around the house. This was not a germane reason to reject the entirety of Ms. Williams's opinion.

### 3. Whether Plaintiff's Claim May Be Remanded for an Immediate Award of Benefits

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison*, 759 F.3d at 1020).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court retains discretion to remand for further proceedings or for award of benefits. 80 F.3d at 1045.

Here, both parties agree that the ALJ has failed to properly evaluate medical opinion evidence, satisfying the second element of the test. These medical opinions, from psychiatric consultative examiners Terilee Wingate, Ph.D., William R. Wilkinson, Ed.D., and James Parker,

M.D., each assessed Plaintiff with marked or severe limitations in maintaining appropriate behavior in a work setting, interacting with the general public, and completing a normal workday or work week without interruptions from psychologically based symptoms. AR 669–71, 1300, 2037–38. In the prior order remanding this case for further proceedings, this Court found harmful error in the ALJ's evaluation of all three opinions. AR 1529–34.

The Commissioner avers that further proceedings would serve a useful purpose of allowing the ALJ to reevaluate the medical opinion evidence of record, reevaluate Plaintiff's maximum residual functional capacity, determine whether Plaintiff is able to do other work and clarify the effect of assessed limitations on that ability, and offer Plaintiff the opportunity for a new hearing and the submission of new evidence. Dkt. 21, p. 2. However, the Court is mindful that this is the second time that the same evidence has been improperly evaluated. Providing yet another opportunity to assess improperly evaluated evidence does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021–22 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

The Commissioner also avers that "the record in this case contains conflicts and ambiguities that require resolution by a factfinder" and "serious doubts remain whether Plaintiff is disabled." Dkt. 21, p. 4. In support, the Commissioner recites an abundance of caselaw in support of the proposition that remand for further proceedings is legally required. However, beyond a cursory summary of the ALJ's analysis of Plaintiff's testimony, the Commissioner does not point to any ambiguities in the record that actually require resolution. Dkt. 21, p. 5.

If Plaintiff's testimony and the improperly discredited medical opinions were credited as true, particularly Drs. Wingate and Wilkinson's opinions that Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms, the ALJ would be required to find Plaintiff disabled on remand. AR 671, 1065, 1300, 2037; *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined Claimant to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

Dated this 29th day of June, 2022.

David W. Christel
United States Magistrate Judge